# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 15-1332  Montgomery v. Progressive Advanced Ins. Co. |
| **Originating No. & Caption** | 2:14cv231 Montgomery v. Progressive Advanced Ins. Co |
| **Originating Court/Agency** | U.S. District Court, Eastern District of Va. Norfolk Division |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. 1291, 2201, 636 | |
| Time allowed for filing in Court of Appeals | 30 days | |
| Date of entry of order or judgment appealed | March 6, 2015 | |
| Date notice of appeal or petition for review filed | April 1, 2015 | |
| If cross appeal, date first appeal filed | | |
| Date of filing any post-judgment motion | | |
| Date order entered disposing of any post-judgment motion | | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ⦿ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-521-4022.) | | |
|---|---|---|
| Is settlement being discussed? | ⦿ Yes | ○ No |

01/27/2015
SCC

| Transcript (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ◉ No |
| Has transcript been filed in district court? | ○ Yes | ◉ No |
| Is transcript order attached? | ◉ Yes | ○ No |

| Case Handling Requirements (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ◉ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ◉ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

This is an appeal from a declaratory judgment action seeking a determination as to the applicability of uninsured and/or underinsured motorists insurance coverage on a policy issued and delivered in Virginia, and a vehicle roll over accident with injuries which occurred in Arizona.
   Ms. Montgomery was a passenger on a 2007 Yamaha Rhino Model R66 All Terrain/Utility vehicle driven by her brother. The accident occurred on the side of a hill, considered an "off-road location", and not on any paved or unpaved public road. The vehicle rolled over causing injury to Ms. Montgomery as Mr. Montgomery was attempting to back down a hill because it was too steep.
   The Progressive policy defined an uninsured and underinsured motor vehicle as "...a land motor vehicle or trailer of any type....".But the policy clearly and unambiguously limited the scope of that definition with the qualification:   "F. In addition, neither "uninsured motor vehicle' nor "underinsured motor vehicle" includes:  (1) A farm tractor or other equipment designed for use principally off public roads while not on public roads."
   [continued on attached page]

Montgomery v. Progressive Advanced Ins. Co.
15-1332
Supplement to Disclosure Statement by Defendant

Nature of the Case: {Continued}

Stipulated evidence established that the Yamaha Rhino was "designed and manufactured for off-road use only." The owners manual included multiple references cautioning owners not to drive the vehicle on public roads, to avoid paved surfaces, that it was designed for off-road use only. The evidence was stipulated that the subject accident occurred. "while not on public roads."

The issues were presented to the Magistrate Judge (by agreement to Magistrate Jurisdiction) on stipulated facts by way of Cross Motions for Summary Judgment. The Magistrate Judge entered an Opinion and Order on March 6, 2015 granting Summary Judgment to the plaintiff, Amanda Montgomery and denying summary judgment to the defendant, Progressive Advanced Insurance Company. This Appeal followed.

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| 1.  The Progressive policy at issue unambiguously limited and excluded uninsured and underinsured motorists coverage from claims arising from injury while driving or riding on equipment designed for use principally off public roads, while not on public roads.<br><br>2.  The Court below attributed to the Yamaha Rhino modifications which the court improperly concluded resulted in a re-design of the vehicle. Such a conclusion was not supportable by the evidence or the law presented.<br><br>3.  The policy language in issue was clear and unambiguous, and the relevant evidence stipulated or uncontested. The Court below failed to apply the unambiguous language of the policy contract as written to the stipulated and uncontested facts. The interpretation of a contract is a question of law for the Court. |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: Amanda Montgomery | Adverse Party: |
| Attorney: William L. Perkins, III Esq.<br>Address: Price, Perkins, and Larkin<br>780 Lynnhaven Parkway, Suite 450<br>Virginia Beach, VA 23452 | Attorney:<br>Address: |
| E-mail: lperkins@ppldlaw.com | E-mail: |
| Phone: 757-486-7661 | Phone: |

| **Adverse Parties (continued)** ||
|---|---|
| Adverse Party: | Adverse Party: |
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| Appellant (Attach additional page if necessary.) ||
|---|---|
| Name: Progressive Advanced Insurance Company<br><br>Attorney: T. Jeffrey Salb<br>Address: Taylor Walker, P.C.<br>　　　　　555 East Main Street, Suite 1300<br>　　　　　Norfolk, VA. 23510<br><br>E-mail: JSalb@taylorwalkerlaw.com<br><br>Phone: 757-625-7300 | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

| Appellant (continued) ||
|---|---|
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** _/s/_　　　　　　　　　**Date:** April 13, 2015

**Counsel for:** Progressive Advanced Insurance Company

**Certificate of Service:** I certify that on ___April 13, 2015___ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

Signature: _/s/_　　　　　　Date: April 13, 2015